IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

**DEBORAH EVANYK**                                                                                   **PLAINTIFF**

vs.                                    No. 1:21-cv-____

**PRESBYTERY OF EAST TENNESSEE,**                                 **DEFENDANT**
**PRESBYTERIAN CHURCH (U.S.A.), INC.**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Deborah Evanyk ("Plaintiff"), by and through counsel, and for her Original Complaint against Presbytery of East Tennessee, Presbyterian Church (U.S.A.), Inc. ("Defendant") , she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

### II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Tennessee has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts alleged in this Complaint had their principal effect within the Southern Division of the Eastern District of Tennessee, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Meigs County.

6. Defendant is a domestic, non-profit corporation.

7. Defendant's registered agent for service is James W. McTyre, at 3805 Maloney Road, Knoxville, Tennessee 37920.

8. Defendant does business as John Knox Center.

9. Defendant, in the course of its business, maintains a website at https://www.johnknoxcenter.org/index.asp.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

11. Defendant owns and operates a summer camp and event center in Ten Mile.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products, vehicles and fuel.

13. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the

retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

15. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

16. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

17. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

18. Plaintiff was employed by Defendant from May of 2019 until November of 2020.

19. At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

20. Plaintiff regularly handled or was involved with the instrumentalities of interstate commerce such as using cell phone, credit cards and the internet. Additionally, Plaintiff regularly ordered food, beverages and supplies which, upon information and belief, were shipped from out of state.

21. Defendant classified Plaintiff as nonexempt from the overtime provisions FLSA and paid her an hourly wage until around June of 2019.

22. From around June of 2019 until the end of her employment, Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA and paid her a salary.

23. When Plaintiff was paid an hourly wage, she was not paid an overtime premium for hours worked over 40 each week.

24. Until around June of 2019, instead of paying Plaintiff an overtime premium for hours worked over 40 each week, Defendant would artificially move those overtime hours to weeks in which Plaintiff worked fewer than 40 hours and pay her a regular hourly rate.

25. After June of 2019, Defendant paid Plaintiff a salary of approximately $520 per week.

26. In January of 2020, the minimum lawful salary per week was raised to $684. *See* 29 C.F.R. § 541.600.

27. Therefore, after January of 2020, Defendant paid Plaintiff less than the statutory minimum salary.

28. Plaintiff regularly worked hours over 40 hours per week.

29. Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

30. Defendant failed to pay Plaintiff her wages during one or two weeks around June of 2019, and in these weeks Defendant failed to pay Plaintiff a lawful minimum wage.

31. All of Plaintiff's work was performed on-site.

32. Defendant assigned Plaintiff so much work that she generally could not complete it in less than 40 hours per week.

33. Defendant knew or should have known that Plaintiff regularly worked hours over 40.

34. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. CAUSE OF ACTION—VIOLATION OF THE FLSA

35. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

37. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

38. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

39. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

40. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

41. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

42. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

43. Defendant's failure to pay Plaintiff all wages owed was willful.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Deborah Evanyk respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

E. Judgment for liquidated damages pursuant to the FLSA and its related regulations;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G. For a reasonable attorney's fee, costs, and interest; and

H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

s/ *Donna J. Mikel*
Donna J. Mikel, BPR#020777
dmikel@mhemploymentlaw.com
MIKEL & HAMILL PLLC
620 Lindsay St., Suite 200
Chattanooga, TN 37403
Telephone: (423) 541-5400
Facsimile: (423) 541-5401

Colby Qualls, Esq.
(Pro Hac Vice will be applied for)
colby@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*Attorneys for Plaintiff*