UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DEBORAH EVANYK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 1:21-CV-306-TAV-CHS |
|  | ) |  |
| PRESBYTERY OF EAST TENNESSEE, PRESBYTERIAN CHURCH (U.S.A.), INC., | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiff's[1] Motion to Dismiss Counterclaims [Doc. 15]. Defendant has responded [Doc. 17], and plaintiff has replied [Doc. 18]. This matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained below, plaintiff's Motion to Dismiss Counterclaims [Doc. 15] will be **GRANTED**, and defendant's counterclaims will be **DISMISSED**.

I.  **Background**

On December 15, 2021, plaintiff filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that defendant misclassified her as exempt from the overtime requirements of the FLSA [Doc. 1, ¶¶ 35–44]. In conjunction with its answer, defendant asserted counterclaims of fraud, theft/conversion, and

---

[1] The Court notes that, based on the counterclaims which are the basis of the instant motion, plaintiff is the counter-defendant and defendant is the counter-claimant. However, for clarity, this memorandum opinion and order will simply refer to the parties as "plaintiff" and "defendant."

embezzlement against plaintiff, alleging that she falsified timecards for herself and others and appropriated certain real property from defendant [Doc. 10, ¶¶ 47–76].

Plaintiff now moves to dismiss those counterclaims [Doc. 15], alleging a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) [Doc. 16, p. 1].² Specifically, plaintiff argues that courts have held that the types of counterclaims brought by defendant should not be pursued in FLSA cases because they violate the public policies behind the FLSA [*Id.*]. Plaintiff contends that the Court may decline to exercise supplemental jurisdiction over a claim under several circumstances, including where the counterclaim would substantially predominate over the claims over which the court has original jurisdiction or other compelling reasons in exceptional circumstances [*Id.* at 2–3]. Plaintiff notes that defendant's counterclaims are not compulsory because there are no common issues of law and fact, as there is little overlap in the law and the claims will require an examination of entirely different bodies of evidence [*Id.* at 3–5].

Plaintiff then asserts that the Court should decline to exercise supplemental jurisdiction over the counterclaims because they do not derive from a common nucleus of operative fact as plaintiff's claim, and, even if they did, the Court should nonetheless decline to exercise supplemental jurisdiction because defendant's counterclaims would predominate over plaintiff's claim [*Id.* at 5]. Plaintiff notes that courts in this circuit have held that allowing claims such as those raised by defendant contemporaneously with

---

² Because the Court resolves plaintiff's motion based on her Rule 12(b)(1) argument, the Court need not address her alternative arguments made pursuant to Rules 12(b)(6) and 9(b) [Doc. 16, pp. 9–13].

2

FLSA claims subverts the purpose of the FLSA [*Id.* at 6–7]. As to the factors to be considered in determining whether state law claims will predominate over a federal claim, plaintiff argues that defendant's claims clearly outnumber her claim, are utterly distinct, can be addressed through defendant's assertion of offset as an affirmative defense, and require proof not implicated by her claim [*Id.* at 7–8].

In defendant's response, it acknowledges that its counterclaims are not compulsory [Doc. 17, p. 4]. However, it argues that this Court has subject matter jurisdiction over its permissive counterclaims via supplemental jurisdiction under 28 U.S.C. § 1367 [*Id.* at 3–4]. Defendant asserts that in making the determination of whether to exercise supplemental jurisdiction, courts should be guided by an assessment of judicial economy, fairness, convenience, and comity [*Id.* at 4–6]. Defendant maintains that these factors outweigh other concerns and should encourage the exercise of supplemental jurisdiction over its counterclaims [*Id.* at 6]. It states that there is a link between plaintiff's claim and its counterclaims, as they go directly to the authenticity and accuracy of plaintiff's claim and proof of defendant's counterclaims would directly affect and influence plaintiff's claim [*Id.* at 6–7].

Defendant further states that in defending itself against plaintiff's claim, it will be using much if not all the evidence that it will be using to prove its counterclaims [*Id.* at 7]. Defendant contends that the facts of the claims are "inexorably intertwined," such that it would be fair and convenient for this Court to handle defendant's counterclaims for the mutual benefit of all parties [*Id.*]. It asserts that granting plaintiff's

3

motion to dismiss will burden the appropriate state court with hearing its counterclaims rather than this Court settling all the claims at once [*Id.*]. Accordingly, defendant contends that because its counterclaims are so related to plaintiff's claim that they form part of the same case or controversy, plaintiff's motion to dismiss should be denied and the Court should exercise supplemental jurisdiction over its counterclaims [*Id.* at 7–8].

Plaintiff replies that defendant's response lacks concrete descriptions of how its counterclaims are intertwined with plaintiff's claim or how it will utilize the same evidence to prove its counterclaims as plaintiff will use to prove her claim [Doc. 18, p. 1]. Plaintiff maintains that the primary evidence in her claim for violation of the FLSA will be her pay records and evidence of her job duties [*Id.*]. However, she states that defendant's counterclaims will require evidence of her timecards, which are only incidentally relevant in calculating damages for her claim, and the timecards of three co-workers, which are completely irrelevant to her claim [*Id.* at 1–2]. In addition, plaintiff states that her intent will be at the heart of defendant's counterclaims and will require evidence not necessary in deciding her FLSA claim [*Id.* at 2].

Plaintiff further argues that defendant has not shown that exercising supplemental jurisdiction over its permissive counterclaims would lead to judicial economy, fairness, convenience, and comity [*Id.*]. She argues that the same policy arguments on which defendant relies actually favor her own argument that defendant's counterclaims should be dismissed because they are antithetical to the principles of the FLSA [*Id.* at 2–3]. In

4

addition, plaintiff states that the Court will not be "settling" the claims in this case, but it will be "hearing" all the claims at once, which would allow defendant's counterclaims to unfairly predominate over plaintiff's claim [*Id.* at 3]. Moreover, plaintiff contends that although defendant refers to the burden on a state court to hear its counterclaims, the doctrine of supplemental jurisdiction requires an examination of the claims themselves, not the workload of the correct court [*Id.*].

## II. Legal Standard

Plaintiff has brought a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) permits a party to seek dismissal based on a lack of subject matter jurisdiction. Rule 12(b)(1) motions fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack is a challenge to the sufficiency of the pleading itself." *Id*. In considering whether jurisdiction has been established on the face of the pleading, "the court must take the material allegations of the [pleading] as true and construed in the light most favorable to the nonmoving party." *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id*.

Here, plaintiff's Rule 12(b)(1) arguments are properly construed as a facial attack, as she contends that the Court lacks subject matter jurisdiction because allowing defendant's counterclaims would violate the public policies behind the FLSA. Notably, unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), "where subject

5

matter jurisdiction is challenged under Rule 12(b)(1), . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). However, because defendant is the party asserting the claims at issue in plaintiff's motion to dismiss, i.e., the counterclaims, the burden is on defendant to prove jurisdiction in order to survive plaintiff's motion.

**III. Analysis**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In other words, federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject matter jurisdiction is a threshold issue that the Court must address and resolve prior to reaching the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *see also* Fed. R. Civ. P. 12(h)(3) (providing that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Here, defendant concedes that its counterclaims are not compulsory and argues that the Court has subject matter jurisdiction over its permissive counterclaims via supplemental jurisdiction under 28 U.S.C. § 1367 [Doc. 17, pp. 3–4]. By way of this same argument, defendant also concedes that this Court does not have original jurisdiction over its counterclaims through either diversity jurisdiction or federal question

jurisdiction. *See* §§ 1331, 1332. As a result, the Court will proceed to analyze the issue of supplemental jurisdiction over defendant's permissive counterclaims.

Section 1367, which governs the Court's authority to exercise supplemental jurisdiction, states:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

§ 1367. The Court has original jurisdiction over this civil action because plaintiff brought her claim under the FLSA, 29 U.S.C. § 201, *et seq.*, a federal statute that gives rise to federal question jurisdiction. *See* § 1331. The issue then becomes whether defendant's permissive counterclaims are "so related" to plaintiff's claim that "they form part of the same case or controversy." § 1367. In other words, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "Where the Supreme Court has found 'a common nucleus of operative fact,' the factual connection between the state and federal claims most often involve the same incident." *Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021).

Several courts within the Sixth Circuit have already decided cases similar, if not identical, to the one at present. *See Bruce v. Sana Health, Inc.*, 504 F. Supp. 3d 653, 657–59 (E.D. Mich. 2020) (collecting cases). In fact, defendant acknowledges "the vast bank of opinions that ha[ve] been hesitant to find that state law claims can be part

7

of the same case or controversy as an FLSA minimum wage claim[]" [Doc. 17, p. 5]. However, defendant fails to distinguish this "vast bank of opinions," and instead, relies on a single case where the court chose to exercise supplemental jurisdiction over a defendant's permissive counterclaims despite finding that multiple "factors weigh against exercising supplemental jurisdiction." *Wagoner v. N.Y.N.Y., Inc.*, No. 1:14–cv–480, 2015 WL 1468526, at *6 (S.D. Ohio Mar. 30, 2015).

As the court in *Wagoner* had the discretion to decide whether to exercise supplemental jurisdiction over a defendant's counterclaims, so too does this Court. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) ("Section 1367 grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims . . . ."). In exercising its discretion, the Court is guided by the "values of judicial economy, convenience, fairness, and comity." *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Court may decline to exercise supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Factors to consider in analyzing whether the state law claims substantially predominate over the federal law claim include "whether they outnumber the federal law claim[]; whether the claims are distinct; and whether [the] state-law claims involve proof that is not needed to establish the federal law claim[]." *Williamson*

*v. Recovery Ltd. P'Ship*, No. C2–06–292, 2009 WL 649841, at *9 (S.D. Ohio Mar. 11, 2009).

Here, the Court finds that plaintiff's claim and defendant's counterclaims do not derive from a common nucleus of operative fact. Plaintiff brings a single cause of action pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, alleging that defendant misclassified her as exempt from the overtime requirements of the FLSA and failed to pay her certain overtime payments and a lawful minimum wage for all hours worked [Doc. 1, ¶¶ 35–44]. On the other hand, defendant brings three causes of action for fraud, theft/conversion, and embezzlement, all of which are based on state law [Doc. 10, ¶¶ 58–76]. Thus, in order to analyze defendant's counterclaims, the Court would be required to engage in a separate analysis of state law that would not be implicated in plaintiff's federal claim. *See Anderson v. P.F. Chang's China Bistro, Inc.*, No. 16-14182, 2017 WL 3616475, at *5 (E.D. Mich. Aug. 23, 2017); *see also Reed v. Pape Mgmt. Inc.*, No. 1:16CV305, 2016 WL 5405248, at *4 (N.D. Ohio Sept. 28, 2016) (finding that in order to decide the defendant's counterclaims, "the [c]ourt would be dragged into the unfamiliar neighborhood" of various state law claims).

In addition to analyzing two separate bodies of law, the Court would also be required to review different facts and evidence to decide the parties' respective claims. Specifically, plaintiff's claim would rest on evidence of her pay, her job duties, and the number of hours she worked [Doc. 1, ¶¶ 10–34]. On the other hand, defendant's

9

Case 1:21-cv-00306-TAV-CHS   Document 23   Filed 05/23/23   Page 9 of 13   PageID #: 111

counterclaims would rest on evidence of plaintiff falsifying timesheets for herself, her husband, her son's girlfriend, and her daughter, as well as evidence of her stealing personal property [Doc. 10, ¶¶ 52–57]. Thus, the evidence needed to prove the parties' claims is not sufficiently related. *See Bruce*, 504 F. Supp. 3d at 658 ("Plaintiff's FLSA misclassification claim relies on [p]laintiff's primary duties during his employment, the number of employees he may have supervised, and the number of hours he worked during the relevant timeframe. Whereas [d]efendants' conversion [c]ounterclaim relies on [p]laintiff's intent to deprive [d]efendants of their property and proof that [p]laintiff purchased unauthorized items with [d]efendants' credit card.").

Although there may be some overlap in the facts underlying the parties' claims, an analysis of defendant's counterclaims, which involve numerous other actors, "would lead the [C]ourt on a long and tortuous detour from the FLSA [] claim asserted by plaintiff." *Sneed v. Wireless PCS Ohio #1, LLC*, No. 1:16CV1875, 2017 WL 879591, at *3 (N.D. Ohio Mar. 6, 2017) (finding that the evidence needed to prove the defendant's counterclaims of, among others, theft and conversion would not be necessary to prove or defend the FLSA claim and would significantly outnumber the evidence involved in the plaintiff's single FLSA claim). The Court further notes that "the mere fact that [d]efendant's counterclaims arise out of [p]laintiff's employment is insufficient to confer subject matter jurisdiction." *See Dray v. Mid-South Invs., Inc.*, No. 06-1010, 2007 WL 9705977, at *4 (W.D. Tenn. Apr. 4, 2007).

10

Even if the parties' claims derived from a common nucleus of operative fact, the Court does not find that the "values of judicial economy, convenience, fairness, and comity" will be served by exercising supplemental jurisdiction over defendant's counterclaims. *See Gamel*, 625 F.3d at 951 (quoting *Cohill*, 484 U.S. at 350). Specifically, the Court finds that defendant's counterclaims would substantially predominate over plaintiff's claim. *See* 28 U.S.C. § 1367(c)(2). Defendant's three counterclaims clearly outnumber plaintiff's one claim. In addition, as explained previously, all the evidence that would be required for defendant to prove its three counterclaims would not be necessary for plaintiff to prove her single FLSA claim or for defendant to defend against plaintiff's claim. Moreover, plaintiff's wage claim is distinct from defendant's counterclaims of fraud, theft/conversion, and embezzlement. *See Dray*, 2007 WL 9705977, at *4 (finding that the defendant's counterclaim for theft "has no bearing on [p]laintiff's claim for unpaid wages").

Furthermore, courts are cautioned that allowing claims such as defendant's counterclaims to proceed in cases instituted by plaintiffs seeking to enforce their rights under the FLSA clutters the case with "the minutiae of other employer-employee relationships [that is] antithetical to the purpose of the [FLSA]." *Anderson*, 2017 WL 3616475, at *5 (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) (overruled on other grounds)). In fact, claims such as defendant's counterclaims are disfavored in FLSA litigation because "they could be viewed as retaliation for an employee bringing an

11

Case 1:21-cv-00306-TAV-CHS   Document 23   Filed 05/23/23   Page 11 of 13   PageID #: 113

FLSA claim against the employer." *Sneed*, 2017 WL 879591, at *3. Moreover, "[t]he statutory scheme of the FLSA provides for certain offsets and credits when appropriate, and no separate affirmative common law counterclaim is necessary to adjudicate those issues." *Wagoner*, 2015 WL 1468526, at *5. Indeed, defendant has pled offset and entitlement to monies paid to plaintiff as an affirmative defense [Doc. 10, p. 2].

Finally, the Court notes defendant's argument as to the burden that will be placed on "the appropriate [s]tate [c]ourt" if the Court is to grant plaintiff's motion [Doc. 17, p. 7]. However, the Court finds this argument unpersuasive. The Sixth Circuit has stated, "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Kubala*, 984 F.3d at 1137 (internal quotation marks omitted); *see also Sneed*, 2017 WL 879591, at *3 n.6 ("Nothing stops defendants from suing plaintiff for damages in state court. A state court judgment [sic] could be used as a set off to any judgment plaintiff obtains in this case. But these practical concerns don't give rise to federal jurisdiction."). Thus, in light of all the other factors discussed, the fact that an appropriate state court will be burdened with defendant's claims against plaintiff is not a convincing reason for this Court to exercise supplemental jurisdiction over defendant's counterclaims.

## IV. Conclusion

Based on the foregoing, the Court lacks subject matter jurisdiction over defendant's counterclaims. As a result, plaintiff's Motion to Dismiss Counterclaims [Doc. 15] is **GRANTED**, and defendant's counterclaims are **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE