IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

**DEBORAH EVANYK**                                                                                  **PLAINTIFF**

vs.            No. 1:21-cv-306-TAV-CHS1:21-cv-306-TAV-CHS

**PRESBYTERY OF EAST TENNESSEE,**                                               **DEFENDANT**
**PRESBYTERIAN CHURCH (U.S.A.), INC.**

### JOINT MOTION TO APPROVE SETTLEMENT AND
### FOR DISMISSAL WITH PREJUDICE

Plaintiff Deborah Evanyk, and Defendant Presbytery of East Tennessee, Presbyterian Church (U.S.A.), Inc., (collectively, "the Parties"), by and through their undersigned counsel, respectfully move this Court for an Order approving the terms of the Parties' Settlement Agreement (the "Agreement"), attached hereto as **Exhibit 1**, and to dismiss this case with prejudice. In support of this Motion, the Parties state as follows:

**I.     Facts & Procedural History**

Plaintiff filed this civil action on December 15, 2021, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"). (ECF No. 1). Plaintiff alleged in her Complaint that Defendant misclassified her as exempt from the overtime requirements of the FLSA and failed to pay her overtime compensation properly due on any hours worked over 40 in each week. *Id.* Defendant denies Plaintiff's allegations and avers that Plaintiff is not entitled to any overtime compensation because she never worked overtime. (ECF No. 10).

Defendant also countersued Plaintiff on February 21, 2022, alleging state-law based claims of fraud, conversion, and embezzlement. *Id.* On March 4, 2022, Plaintiff

filed a Motion to Dismiss these counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) & (6). (ECF No. 15). After the Parties fully briefed Plaintiff's Motion to Dismiss, this Court granted the Motion and dismissed Defendant's counterclaims on May 23, 2023. (ECF No. 23). On that same day, this Court also ordered the Parties to mediate this case in good faith. (ECF No. 24).

The Parties participated in a mediation with Mediator Marc Harwell on August 24, 2023 (ECF No. 28) and were able to reach a settlement, which is now being presented to the Court for approval as required by the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). All undersigned counsel represent that the negotiations were adversarial in nature and that the settlement represents a compromise on the part of all parties with respect to both the relief sought by Plaintiff and the defenses raised by Defendant.

**II.     The Court Should Approve the Settlement Agreement.**

In this case, the Court should approve the terms of the Settlement Agreement because they were achieved in an adversarial context, experienced counsel represented the parties on both sides, and it reflects a fair and reasonable compromise over disputed issues.

As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores*, in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations, the parties must present any proposed resolution to the district court." *Id.* at 1353. A district court, when reviewing a proposed agreed-upon resolution of an FLSA claim, must scrutinize it for fairness and decide whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA

provisions." *Id.* at 1353, 1355. In *Lynn's Food Stores*, the district court established the following factors to determine whether to approve an agreed-upon resolution of an FLSA claim:

1. Was it achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does it reflect a fair and reasonable compromise over issues that are actually in dispute?

*Id.* at 1353-54.

In this instance, the resolution reached by the Parties was negotiated by experienced counsel who protected the rights of both parties. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding bona fide disputes between the parties with respect to whether Plaintiff was entitled to overtime under the FLSA. With the Court's approval, the Parties will be resolving any and all claims arising out of or relating to the employment of the Plaintiff by the Defendant and any and all associated claims, including attorney fees and costs. The terms of the Parties' agreement would effectuate a mutual final release of any and all potential liability with the only exception being that Plaintiff's rights related to her workers compensation future medical benefits, which are not affected.

The Parties stringently contested the claims and defenses asserted in this lawsuit. Specifically, Plaintiff alleges Defendant employed her and paid her a salary the amount of which was insufficient to make her properly classified as a salaried exempt employee. Plaintiff further avers Defendant's conduct was willful and that Plaintiff was accordingly entitled to liquidated damages. Defendant denies that Plaintiff worked any overtime

whatsoever and denies Plaintiff's entitlement to any damages.

Under the terms of the settlement, Plaintiff is receiving an amount which compensates her for approximately 5.8 hours of unpaid overtime premium per week during her employment period. This amount is reasonable due to several factors. First, Plaintiff had very little in terms of direct documentary evidence of hours worked and would have largely had to rely on estimates and testimony as to hours worked at trial, which would have been subject to any competing evidence put on by Defendant. Second, though this Court had dismissed Defendant's counterclaims in this action, Defendant could have brought these state-based claims against Plaintiff in state court. This settlement not only compensates Plaintiff for an amount of unpaid overtime, but also resolves Defendant's claims against Plaintiff and protects her from that potential exposure of liability.

The Parties' settlement also includes a component of attorneys' fees and costs. To the extent the Court wishes to assess the reasonableness of the fee component of the settlement, Plaintiff's counsel avers that it is reasonable. Plaintiff's counsel has billed over $25,000 in attorneys' fees and costs to this matter, taking it from initial fact investigation and Complaint drafting, to motions practice, discovery and damages calculations, through mediation, settlement drafting and finalization. At just 29% of the total fees and costs billed, the amount in settlement of attorneys' fees and costs, $7,356.46, is reasonable. Of the $7,356.46 in fees and costs, $2,856.46 covers the costs of this case while $4,500 is for fees.

### III. Conclusion

For the foregoing reasons, the Court should approve the Parties' Agreement,

including approval of Plaintiff's counsel's attorneys' fees, and dismiss this case with prejudice.

Respectfully submitted,

**PLAINTIFF DEBORAH EVANYK**

FORESTER HAYNIE, PLLC
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
cqualls@foresterhaynie.com

MIKEL & HAMILL PLLC
620 Lindsay Street, Suite 200
Chattanooga, Tennessee 37403
Telephone: (423) 541-5400
Facsimile: (423) 541-5401

Donna J. Mikel
BPR No. 020777
dmikel@mhemplymentlaw.com

and **PRESBYTERY OF EAST TENNESSEE PRESBYTERIAN CHURCH (U.S.A.), INC., DEFENDANTS**

LUTHER-ANDERSON, PLLP
P.O. Box 151
Chattanooga, Tennessee 37402
Telephone: (432) 756-5034

*/s/ Daniel J. Ripper*
Daniel J. Ripper
GA. Bar No. 606490
dan@lutheranderson.com

## CERTIFICATE OF SERVICE

      I, Colby Qualls, do hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk for the U.S. District Court, Eastern District of Tennessee, Southern Division, using the Electronic Case Filing system of the Court, and that the attorneys listed below are registered to receive from the Clerk of the Court an electronic copy thereof:

Daniel J. Ripper, Esq.
LUTHER-ANDERSON PLLP
Post Office Box 151
Chattanooga, Tennessee 37402
Telephone: (423) 756-5034
dan@lutheranderson.com

                                            */s/ Colby Qualls*
                                            **Colby Qualls**