# SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release ("Agreement") is entered into by and between Deborah Evanyk ("Plaintiff") and Presbytery of East Tennessee, Presbyterian Church (U.S.A.), Inc. ("Defendant"). Plaintiff and Defendant are jointly referred to herein as the "Parties."

2. <u>Statement of Pending Claims</u>. On December 15, 2021, Plaintiff filed the Civil Action, *Deborah Evanyk v. Presbytery of East Tennessee, Presbyterian Church (U.S.A.), Inc.*, No. 1:21-cv-306-TAV-CHS in the United States District Court for the Eastern District of Tennessee (the "Action"). In the Action, Plaintiff claims that Defendant failed to pay Plaintiff her proper wages due under the Fair Labor Standards Act ("FLSA").

3. <u>Non-Admission</u>. The Parties deny that they or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4. <u>Payment and Settlement Funds</u>. In consideration for signing this Settlement Agreement and Release, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff and Plaintiff's counsel the total sum of Ten Thousand and 00/100 Dollars ($10,000.00). The check for $10,000.00 shall be made payable to Forester Haynie PLLC IOLTA and delivered to Forester Haynie, PLLC, 400 North Saint Paul Street, Suite 700, Dallas, Texas 75201, within fourteen (14) days of approval of this settlement by the Court. $2,643.54 of this amount is for payment of Plaintiff's wage claims in the Action. The Settlement Funds include all amounts to be paid by Defendant, including amounts for payments to the Plaintiff, attorneys' fees, and litigation costs. Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel.

5. <u>Dismissal of Action</u>. Within fourteen (14) days of complete execution of this Agreement, the Parties shall file a Motion for Approval of Settlement, requesting the Court to enter an Order Approving Settlement and dismissing with prejudice all claims of the Plaintiff.

6. <u>Mutual Release of Claims by the Parties</u>. In exchange for the promises contained herein, Plaintiff and Defendant, without limitation, hereby fully, finally and forever release and discharge each other and each other's representatives and assigns, as well as its predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together

"Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date the party signs this Agreement, with the only exception being that the Plaintiff's rights related to her worker's compensation future medical benefits are not affected. This agreement reflects the mutual desire of the undersigned Parties to affect a final, binding, and conclusive resolution of all claims the Parties have or may have against each other.

7. <u>Covenant Not to Sue</u>. The Parties covenant not to sue any of the Releasees for any claim Plaintiff releases in this Agreement.

8. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>. Nothing in this Agreement shall interfere with Plaintiff's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiff from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

9. <u>Neutral Reference</u>. Defendant agrees that if a reference from a prospective employer is sought from Defendant regarding Plaintiff, Defendant may provide the reference within a reasonable time, and may provide only dates of employment, last salary or rate of pay, and last position or title.

10. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiff and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiff and Defendant.

11. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12. <u>Choice of Law</u>. This Settlement Agreement and Release is to be interpreted pursuant to the laws of Tennessee, except where the application of federal law applies.

13. <u>Waiver</u>. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

14. <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

15. <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

16. <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

| PLAINTIFF | DEFENDANT |
|---|---|
| _____<br>*Deb Evanyk (Nov 5, 2023 18:49 EST)*<br>**Deborah Evanyk** | _____<br>**Presbytery of East Tennessee, Presbyterian Church (U.S.A.), Inc.** |
| Date: 11/05/2023 _____ | By (print): _____<br><br>Date: _____ |

| **PLAINTIFF** | **DEFENDANT** |
|---|---|

*Joshua L McGill*

Deborah Evanyk      Presbytery of East Tennessee, Presbyterian Church (U.S.A.), Inc.

Date: _____

By (print): Joshua L McGill

Date: September 18, 2023

- 4 -